*1084 OPINION.
Van Fossan:
In the consideration of this case we are confronted with the difficulties often incident to proving the acts of a decedent during his lifetime. A. G. Perelli-Minetti kept no books of account relating to his individual business ventures. After his death there were found among his papers certain checks and memoranda which his brother, Charles Perelli-Minetti, concluded were representative of amounts paid out as ordinary and necessary business expenses incurred by the decedent in 1919 in carrying on his trade or business. However, such alleged payments are not proved either to have been proper and necessary business expenses or to have been actually made for those purposes. No endorser of any check purporting to have been given in payment of a business expense was introduced as a witness to show that the amount of such check was devoted to the use alleged. The memoranda of the decedent’s expenditures aggregating $10,978, claimed to have been paid out as “ general expenses,” ordinary and necessary to his trade or business, were at the most merely estimates of his monthly expenses and were not supported by adequate and competent documentary or oral evidence. We sustain the respondent in his disallowance of the alleged expenses set forth in the petitioner’s allegations of error (1) and (2).
The record does not disclose the sources of the increases in the incomes of the partnerships of Scatena, Lawson & Perelli and C. Scatena & Co., as determined by the respondent. No proof was submitted relating to any such additions to income except as to the method of taking the inventories of Scatena, Lawson t% Perelli, as of December 31, 1919. In the proceeding of W. H. Lawson, Docket 4510, we sustained the action of the Commissioner with respect to inventories for lack of evidence of error. We adhere to that decision. The respondent’s determination of the increased income of the petitioner as derived from the above partnership is approved.
The petitioner’s claim to losses sustained in the sale and exchange of foreign moneys and in the sale of Liberty bonds is disallowed for failure to submit any proof relative thereto.

Judgment will be entered for the respondent.